ARMCO, INC. AND CF&I STEEL CORPORATION, PLAINTIFF, *v.* UNITED STATES, DEFENDANT, AND AH JU STEEL CO., LTD., ET AL., INTERVENORS

Court No. 80–9–01435

Before FORD, *Judge.*

(Dated October 19, 1983)

*Freeman, Wasserman & Schneider* (*Herbert Peter Larsen* on the motion) for the plaintiffs.
*J. Paul McGrath,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division (*Francis J. Sailer* on the motion) for the defendant.

FORD, *Judge:* Plaintiff has moved pursuant to Rule 59 of the Rules of this Court for a rehearing of a decision of this Court 6 CIT 111 (1983), which dismissed the action. In the original action both plaintiff and defendant had moved for summary judgment, plaintiff seeking to have the liquidations enjoined and the matter remanded to the International Trade Administration to determine whether any false, fictitious or fraudulent statements or representations

were made during the course of its investigation, as well as setting aside all liquidations which had occurred.

The grounds relied on by plaintiff "are that this Court appears to have overlooked or misapprehended the impact of two recent cases cited in plaintiffs' reply to oppositions by defendant and intervenors to motion for preliminary injunction and remand: *Zenith Radio Corp.* v. *United States,* 710 F. 2d 806 (Fed. Cir., June 27, 1983)1 and *Timken Co.* v. *United States,* 6 CIT 76 (1983)." It is the position of plaintiff that since the Court cited *S. J. Stile Associates Ltd.* v. *Dennis Snyder,* 68 CCPA 27, C.A.D. 1261, 646 F. 2d 522 (1981) and enumerated the elements necessary for a preliminary injunction, it must have relied heavily upon said decision. The *Stile* case was cited and the elements for a preliminary injunction enumerated merely as *dicta,* since the action was dismissed on the ground that any fraudulent statements did not affect the decision of the ITA. Therefore, the decision of dismissal did not require consideration of the issuance of a preliminary injunction.

In Slip Op. 83-88 the Court, in considering the merits of the matter of remand, reviewed the factual situation and made the following observation:

> Mitsui (U.S.A.) admitted to filing false customs documents, the Special Summary Steel Invoices, in violation of 18 U.S.C. 371. The latter invoices were utilized by customs to determine whether sales were being made below the "trigger price". However, the information utilized to determine less than fair value margins did not involve the price from Mitsui (U.S.A) to its customers in the United States. The purchase price was calculated on the basis of the price *to* and unrelated trading company or *to* an unrelated purchaser in the United States. 45 Fed. Reg. 3942. The determination by the ITA involved the price *from* the nail manufacturing companies *to* the trading companies. This was the price that was compared to foreign market value which would not be affected by any subsequent fraud on the part of a trading company in dealings with its customers in the United States.

The Court further stated:

> Since it was the price of the Korean nail manufacturing companies to the trading companies that established less than fair value margin, that margin could not have been affected by the subsequent price from the Japanese trading companies to its customers.

Under the foregoing circumstances it is apparent that the purpose of the preliminary injunction was to enjoin the liquidation of the entries until the ITA could make its finding and return the matter to the Court for determination. The *Zenith* and *Timken* cases unquestionably stand for the proposition that liquidation in and of itself is sufficient grounds for holding that irreparable harm

has been established. However, this issue is moot for the reasons set forth in the dismissal of the matter by Slip Op. 83–88.

Plaintiff's motion is therefore denied.

Acccordingly, it is

ORDERED that plaintiff's motion, under Rule 59 for a rehearing, be and the same hereby is denied.